IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| TERRY L. CHARLTON, | ) |
| Plaintiff, | ) |
| VS. | ) No. 1:04cv1290-T/An |
| TENNESSEE DEPARTMENT OF CORRECTION, et. al., | ) |
| Defendant. | ) |

ORDER DENYING PLAINTIFF TERRY L. CHARLTON'S MOTION FOR
SUMMARY JUDGMENT

Plaintiff Terry L. Charlton ("Plaintiff"), an inmate at the Whiteville Correctional Facility in Whiteville, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 and the Tennessee Constitution[1] on October 21, 2004. Plaintiff alleged legal defects in the prison system's provision of medical care and claimed that he had been injured as a result of those defects. On February 18, the court dismissed several of Plaintiff's claims and several of the originally named defendants on grounds of failure to exhaust administrative remedies, failure to state a claim upon which relief could be granted, and the Eleventh Amendment to the United States Constitution. The only remaining defendants are Corrections Corporation

---

[1] Plaintiff appears to have abandoned his state constitutional claims; he does not seek summary judgment in his favor on those claims. (Pl.'s Mot. for Summ. J. at 2–3). In any event, those claims are currently the subject of a separate motion to dismiss.

This document entered on the docket sheet in compliance
with Rule 58 and/or 79 (a) FRCP on 10/26/05



of America ("CCA") and Dr. Fred Cole ("Dr. Cole").

Plaintiff's verified complaint alleged, *inter alia*, that CCA and Dr. Cole acted with deliberate indifference to Plaintiff's serious medical needs during incarceration in violation of the Cruel and Unusual Punishment Clause of the Eight Amendment to the United States Constitution, which is applicable to state actors by virtue of the Due Process Clause of the Fourteenth Amendment. Specifically, Plaintiff contended that, for the sole purpose of maximizing corporate profits, CCA and Dr. Cole denied Plaintiff the medications that his treating physician had prescribed by substituting less expensive medications. Plaintiff asked for a declaratory judgment, compensatory and punitive damages, pre-judgment interest, costs, appointment of counsel, and other relief.

Plaintiff now moves for summary judgment on his deliberate indifference claim, but he does not cite any evidence in support of his motion. Instead, Plaintiff contends that the sworn, but conclusory, allegations of his complaint will "*if* prove[d] . . . entitle the Plaintiff to relief." (Pl.'s Mot. for Summ. J. at 3 ("Argument" (1))). Rule 56 of the Federal Rules of Civil Procedure does not authorize the court to grant a plaintiff summary judgment on the ground that the plaintiff will win "if" he satisfies his burdens of production and persuasion

in a hypothetical future trial. Therefore, Plaintiff's Motion for Summary Judgment is DENIED.

IT IS SO ORDERED.

*James D. Todd*
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

24 October 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 43 in case 1:04-CV-01290 was distributed by fax, mail, or direct printing on October 26, 2005 to the parties listed.

---

Terry L. Charlton
WHITEVILLE CORRECTIONAL FACILITY
102704
P.O. Box 679
Whiteville, TN 38075

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Jon A. York
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Honorable James Todd
US DISTRICT COURT