IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _____ D.C.

05 DEC -2 PM 3:55

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

| | |
|---|---|
| TERRY L. CHARLTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 04-1290 TV |
| ) | |
| CORRECTIONS CORPORATION OF ) | |
| AMERICA and DR. FRED COLE, ) | |
| ) | |
| Defendants. ) | |

ORDER ON PLAINTIFF'S MOTIONS TO COMPEL DISCOVERY

Before the court are two discovery motions filed by the plaintiff, Terry L. Charlton: (1) an October 13, 2005 motion to compel the defendants, Corrections Corporation of America ("CCA") and Dr. Fred Cole, to produce for inspection the plaintiff's medical records pertaining to his left hand and any documents in the possession of the defendants pertaining to prescriptions ordered for the plaintiff, and (2) an October 31, 2005 motion to compel the defendants to submit more complete responses to two requests for admissions and three document requests. The defendants responded to the first motion to compel but have not filed a response to the second motion to compel, and the time for responding has expired. The motions were referred to the United

1

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on 12-5-05

53

States Magistrate Judge for determination.

On October 19, 2005, the defendants produced the requested medical records and prescription documents requested in the plaintiff's October 13, 2005 motion. Accordingly, the plaintiff's October 13, 2005 motion to compel is moot.

The October 31, 2005 motion seeks more complete responses to Requests for Admissions Nos. 4 and 5. Although the plaintiff styles his discovery request as "Requests for Admissions," the requests are in the form of interrogatories, and the court will treat them as interrogatories.

Request No. 4 asks "Was Defendant F. Cole insured by Corrections Corporation of America during his employment." The defendants responded, "See Response to Question 1." Response to Question 1 states "Dr. Cole was employed by Corrections Corporation of America at all relevant times to the allegations made in Plaintiff's Complaint." This response does not adequately answer the interrogatory, and the plaintiff is entitled to know whether there is any insurance agreement covering Dr. Cole pursuant to which an insurance company may be liable for any judgment against Dr. Cole in this action. FED. R. CIV. P. 26(a)(1)(D). Therefore, the plaintiff's motion to compel is granted as to Request No. 4. The defendants must supplement their answer to Request No. 4 and state whether or not Dr. Cole's potential liability in this action

is covered by a policy of insurance purchased by CCA or any self-insurance by CCA.

Request No. 5 asks "Was Corrections Corporation of America liable for any law suit(s) [sic] that may be brought against the Defendant, F. Cole, during his employment with Corrections Corporation of America." The defendants again responded by referring to their response to Request No. 1 which stated that Dr. Cole was employed by CCA. Although the defendants' answer is not entirely responsive, the interrogatory is ambiguous and posed as a hypothetical, and therefore the defendants may not be capable of answering it any more definitively. Accordingly, the plaintiff's motion to compel is denied as to Request No. 5.

The plaintiff's October 31, 2005 discovery motion also seeks an order compelling the defendants to respond to three requests for production of documents. The three document requests seek a copy of Dr. Fred Cole's employment contract, a copy of any employment contract pertaining to Dr. Fred Cole, and a copy of any CCA/WCFA employment insurance policy pertaining to Dr. Fred Cole. The defendants objected to all three document requests on grounds of relevancy.

The court agrees with the defendants that Dr. Fred Cole's employment contracts are irrelevant. The defendants have admitted that Dr. Cole was employed by CCA at all times relevant, and

3

therefore his employment status with CCA is not in dispute. Other employment contracts of Dr. Cole would be irrelevant to this lawsuit. Accordingly, the plaintiff's motion to compel is denied as to Documents Requests Nos. 1 and 2.

Whether there is insurance covering the plaintiff's claim against Dr. Cole is relevant, however, and the plaintiff is entitled to inspect and copy "any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action." FED. R. CIV. P. 26(a)(1)(D). Accordingly, the plaintiff's motion to compel is granted as to Document Request No. 3.

In summary, the plaintiff's October 13, 2005 motion to compel is denied as moot. The plaintiff's October 31, 2005 motion to compel is granted in part and denied in part. The defendants shall file their supplemental answer to Request for Admission No. 4 and Document Request No. 3 within fifteen days of the date of service of this order and serve it on the plaintiff.

IT IS SO ORDERED this 1st day of December, 2005.

_Diane K. Vescovo_
DIANE K. VESCOVO
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 53 in case 1:04-CV-01290 was distributed by fax, mail, or direct printing on December 5, 2005 to the parties listed.

---

Terry L. Charlton
WHITEVILLE CORRECTIONAL FACILITY
102704
P.O. Box 679
Whiteville, TN 38075

Jon A. York
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Honorable James Todd
US DISTRICT COURT